## PEARCE v. CAPITAL TRACTION COMPANY.

TRIAL; CHARGE UPON OUTSIDE ISSUES.

Reversible error is committed in a charge to the jury which, in the absence of reference to the point in the evidence or arguments of counsel, calls the jury's attention to the fact that the declaration which was filed two years after the injury was amended four years later by adding allegations of injuries to the side, foot, and menstrual functions; and emphasizes the attendant inference that the alleged injuries are simulated.

No. 2682. Submitted October 14, 1914. Decided December 7, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, for the defendant in an action to recover damages for personal injuries.                                       *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellant, Annie L. Pearce, plaintiff below, brought an action in tort in the supreme court of the District of Columbia, to recover damages for personal injuries alleged to have been sustained while she was a passenger on one of defendant's cars. The declaration was filed February 27, 1909, and amended, without objection by defendant, on February 26, 1912.

The only error assigned by plaintiff necessary to be here considered relates to the following instruction given by the court on its own motion: "Now, a word about these injuries she is complaining of here. I call your attention to a fact that did not escape my attention at all, but none of the counsel said anything about it. This accident occurred over six years ago, the 4th of November, 1907. The original declaration was not filed until February 27, 1909, quite a long time after the accident, and in that declaration she says what her injuries were. The declaration reads: 'The defendant started said car in motion, by reason whereof the plaintiff was then and there thrown violently to and upon the ground, whereby she sustained serious and permanent injuries to her head and shoulder, and was injured on her left hip and was seriously and permanently injured in and about her back.' Those are the injuries described in her original declaration. The case came on for trial before in March, 1912, and, on February 26, she got leave to file an amendment to that declaration, in which she says: 'And was seriously and permanently injured in and about her left side, and sustained serious and permanent injuries to her left foot, and has suffered and still suffers and will continue to suffer derangement of the menstrual function.' That is, four years and nearly four months after the accident was the first time any question of that kind comes in the case. Then, there is this abnormal menstrual trouble, vicarious menstruation. Do you suppose if that was an injury she suffered in connection with that accident, she would not have told her counsel about it when she filed this declaration originally? I am simply calling your attention to that fact,

for you to consider whether that gives you any clue as to these injuries. It does not appear in the case for four years and nearly four months after the accident occurred. Do you suppose counsel such as she has here would have left that out if that had been the fact, and would she have kept that fact from her counsel when she was bringing to their attention the injuries which she had sustained? Of course, you are to consider that in connection with her testimony here and all the testimony in the case, as to whether or not she had suffered these injuries, and whether her testimony is entitled to be believed."

*Mr. Charles L. Frailey* and *Mr. A. S. Worthington* for the appellant.

*Mr. G. Thomas Dunlop* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Without stopping to consider the objections raised to the language used by the court in instructing the jury, we think an error of law was committed in calling the attention of the jury to the amendment of the declaration and the inferences to be drawn therefrom. No evidence had been adduced on this point, and no comment thereon had been made by counsel. Before advantage could be taken of this discrepancy in plaintiff's case, it should have been brought out in the trial, and plaintiff given an opportunity to explain the reason for omitting from the original declaration the allegation contained in the amendment. Through this instruction the court injected a new issue into the case, upon which plaintiff had not been given an opportunity to be heard. This was reversible error.

The judgment is reversed, with costs, and the cause remanded for a new trial.                    *Reversed and remanded.*